BRUCE A. HARLAND, Bar No. 230477
courtnotices@unioncounsel.net
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone (510) 337-1001
Fax (510) 337-1023

MONICA T. GUIZAR, Bar No. 202480
lacourtnoties@unioncounsel.net
JACOB J. WHITE, Bar No. 263778
lacourtnotices@unioncounsel.net
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
Telephone (213) 380-2344
Fax (213) 443-5098

Attorneys for Defendant SERVICE EMPLOYEES
INTERNATIONAL UNION, UNITED HEALTHCARE
WORKERS-WEST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLA ROLLINS,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HOSPITAL OF SAN BERNARDINO, a California Corporation; DIGNITY HEALTH, a California Corporation; SERVICE EMPLOYEES INTERNATIONAL UNION-UNITED HEALTHCARE WORKERS WEST (SEIU-UHW), a California union, and DOES 1 through 70, inclusive,<br><br>Defendants. | No. ED CV 5:13-1312 R (OPx)<br><br>**ORDER GRANTING SUMMARY JUDGMENT; AND UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |

Defendant SEIU UNITED HEALTHCARE WORKERS-WEST'S ("SEIU UHW") Motion for Summary Judgment came on for a scheduled hearing before the Hon. Manual L. Real in the above-entitled Court on April 21, 2014, at 10:00 a.m. Michael Jacob, Kesluck & Silverstein, appeared as attorney for Plaintiff Starla Rollins, and Monica Guizar, Weinberg, Roger & Rosenfeld, appeared as attorney for Defendant SEIU UHW.

The Court finds no genuine issue as to the following facts:

1. From 2007 to 2012, Plaintiff, Starla Rollins, was employed as billing coordinator at the Community Hospital San Bernardino.

2. Previously, Plaintiff had worked as a ward clerk. In 2007, Plaintiff, via human resources director with the hospital and a Union representative, made an agreement through e-mail that in the event of a reduction in force, R.I.F., Plaintiff would bump into a ward clerk position.

3. The Union and hospital entered into a new Collective Bargaining Agreement in October 2008.

4. On September 14, 2012, the hospital informed the Union that it would be instituting an R.I.F.

5. Article 14, Section E of the C.B.A. provides that in the event of an R.I.F., the Union and the hospital may agree as to an alternative agreement regarding a reduction in force.

6. The hospital and the Union, entered into such an agreement in the form of a Memorandum of Understanding, an M.O.U.

7. The M.O.U. stated the plaintiff's position was being eliminated.

8. During the October 9, 2012 meeting, Plaintiff presented Union and hospital representatives with emails.

9. On November 7th, 2012, the Union filed a grievance on behalf of Plaintiff. The Union later decided to withdraw the grievance.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

10. An appeal of this decision was taken to the Union appeal board. Plaintiff was represented during this process by Union steward, Monique Ozier.

11. At the March 12, 2013 appeal hearing, Ozier and Plaintiff both referenced the e-mails during their separate arguments to the appeal board.

12. The appeal panel decided not to pursue the grievance.

To prevail on her breach of duty of a fair representation claim, Plaintiff must show that her discharge was contrary to the C.B.A. and that the Union breached its duty in representing Plaintiff's interest. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151 (1983).

The crux of Plaintiff's claim is that she was wrongfully laid off because she had a side agreement with the hospital relating to the R.I.R. The hospital followed the protocol outlined in Article 14 of the C.B.A. and the M.O.U. when it instituted the R.I.F. In Plaintiff's view, her layoff constituted a breach of her 2007 e-mail agreement.

The e-mails are not part of the C.B.A. by virtue of the Parole Evidence Rule, which bars extrinsic evidence of an agreement inconsistent with unambiguous writing. *Pace v. Honolulu Disposal Service, Inc.*, 227 F.3d 1150 (9th Cir. 2000).

Additionally, an individual contract that conflicts with the C.B.A. must be superceded by the C.B.A. *Espino v. Northwest Airlines*, 90 F.3d 1452 (9th Cir. 1996).

The substance of Plaintiff's email agreement and the procedure by which it was entered into are inconsistent with the comprehensive and unambiguous terms of the subsequent C.B.A. and M.O.U. The e-mails are therefore not part of the C.B.A., and no breach of the C.B.A. occurred, and summary judgment in favor of SEIU UHW is appropriate.

Summary judgment in favor of the Union is also appropriate for the additional reason: That the Union did not breach its duty of fair representation. A

2

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

ORDER GRANTING SUMMARY JUDGMENT; UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
Case No. ED CV 5:13-1312 R (OPx)

Union breaches its duty of fair representation by handling the Union members' grievance arbitrarily and perfunctory. *Diaz v. International Longshore & Warehouse Union, Local 13*, 474 F. 3d 1202 (9th Cir. 2007).

Plaintiff's claim that the Union breached its duty of fair representation is based upon the contention that the Union did not give adequate weight to or did not examine her e-mail agreement.

The Union considered the e-mails in makings its decision. Plaintiff raised her argument regarding the e-mails through the review process, including during oral argument before the appeal board and at the October meeting with the Union. The Union's decision was not arbitrary, discriminatory or made in bad faith. It investigated and examined her grievance and determined it did not have merit.

Plaintiff disagrees with the Union's judgment on this issue, but such a difference in judgment is not sufficient for a claim of breach of duty of fair representation. *Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir. 1985).

After considering the moving and opposition papers, arguments of counsel and all other matters presented to the Court, IT IS ORDERED that the summary judgment in favor of SEIU UHW is GRANTED.

DATED: May 23, 2014

_____
HON. MANUEL L. REAL
U.S. District Court Judge

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

3
ORDER GRANTING SUMMARY JUDGMENT; UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
Case No. ED CV 5:13-1312 R (OPx)
134876/764365